## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER CABRAL,<br><br>      Plaintiff,<br><br>      v.<br><br>DOLLAR TREE, INC.,<br><br>      Defendant. | Civil Action No. 20-cv-_____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§1332(a), 1441(b), and 1446, defendant Dollar Tree Stores, Inc. ("Dollar Tree"), improperly sued herein as Dollar Tree, Inc., removes this civil action from the Bronx County Supreme Court in New York because Plaintiff and defendant are diverse and the amount in controversy exceeds the jurisdictional minimum. As a short and plain statement of the grounds for removal, defendant states the following:

## PLAINTIFF'S CLAIMS

1. Plaintiff commenced this action in the Bronx County Supreme Court on January 14, 2020 by filing a Summons and Complaint, a copy of which is attached as Exhibit A.

2. Plaintiff alleges that she suffered personal injuries due to Dollar Tree's alleged negligence. *See* Complaint at ¶¶ 17-24.

3. Plaintiff's Complaint did not contain a sum certain of her damages. Rather she alleged that her damages exceeded the jurisdictional limits of all Courts lower than the New York Supreme Court (*i.e.* $25,000.00). *Id.* at ¶¶ 23-24.

4. Dollar Tree served its Verified Answer on March 4, 2020, a copy of which is attached as Exhibit B.

5. On November 2, 2020, Plaintiff served a Verified Bill of Particulars in which she alleged that she suffered non-economic special damages for physician's services and MRIs amounting to at least $47,528.00, and that she incurred $28,000.00 in lost earnings. A copy of Plaintiff's Verified Bill of Particulars is attached hereto as Exhibit C. Therefore, Plaintiff's special damages exceed $75,000.00.

## **DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

6. This Court has diversity jurisdiction over this action under 28 U.S.C. §1332(a), which provides, in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ."

### CITIZENSHIP

7. According to the allegations in its Complaint, Plaintiff is a resident of the County of Bronx, State of New York. *See* Exhibit A at ¶ 1.

8. Dollar Tree, Inc. is a Virginia corporation with a principal place of business in Virginia. *See* Dollar Tree's registration details with the Commonwealth of Virginia's State Corporation Commission, attached hereto as Exhibit D. As such, Dollar Tree, Inc. is a citizen of Virginia pursuant to 28 U.S.C. § 1332(c)(1).

9. Dollar Tree Stores, Inc., the proper entity in the matter, is a wholly owned subsidiary of Dollar Tree, Inc. Dollar Tree Stores, Inc. is a Virginia Corporation with its principle place of business in Virginia. *See* Dollar Tree Stores, Inc.'s registration details with the Commonwealth of Virginia's State Corporation Commission, attached as Exhibit E. Therefore,

Dollar Tree Stores, Inc. is a citizen of Virginia pursuant to 28 U.S.C. § 1332(c)(1).

10. Dollar Tree, Inc. and Dollar Tree Stores, Inc. are both diverse from Plaintiff

## AMOUNT IN CONTROVERSY

11. Pursuant to 28 U.S.C. § 1446(b)(3), a defendant may remove an action within 30 days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

12. Plaintiff alleges that, as a result of Dollar Tree's negligence, she suffered injuries to her back, neck, left leg, left ankle, left shoulder, and head. *See* Exhibit C.

13. As a result of those injuries, Plaintiff alleges that she incurred special damages of $47,528.00 for physician's services and MRIs, and lost earnings of $28,000.00, for a total of $75,528.00. Therefore, the amount in controversy exceeds $75,000.00.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

14. Plaintiff served her Verified Bill of Particulars on Dollar Tree on November 2, 2020. *See* Exhibit D. The Verified Bill of Particulars was the first paper which provided sufficient information for which Dollar Tree could remove the matter. Dollar Tree filed the instant Notice of Removal less than 30 days after service of the Verified Bill of Particulars.

15. The United States District Court for the Southern District of New York is the proper venue for removal of this action because it is the district in which the state court action is pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

16. Pursuant to 28 U.S.C. § 1446(a) a true and correct copy of all of the process, pleadings, and orders from the state court action which have been served upon Dollar Tree are being filed with this Notice of Removal. *See* Exhibit F.

## **CONCLUSION**

17. By this Notice of Removal, Dollar Tree does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Dollar Tree intends no admission of fact, law, or liability by this Notice of Removal, and expressly reserves all defenses, motions and/or pleas.

Dated: November 24, 2020
       New York, New York

                                      Respectfully submitted,

                                      /s/ Gary N. Smith
                                      Gary N. Smith
                                      SCHNADER HARRISON SEGAL & LEWIS LLP
                                      140 Broadway, Suite 3100
                                      Telephone: 212-973-8023
                                      Facsimile: 212-972-8798
                                      gsmith@schnader.com
                                      *Attorneys for Dollar Tree Stores, Inc.*